Filed 11/19/20  P. v. McGlown CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074511 |
| v. | (Super.Ct.No. SWF1207237) |
| MARQUISE DENZELL MCGLOWN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Dismissed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2015, Marquise Denzell McGlown pleaded guilty to murder, attempted murder, arson, and unlawfully taking a vehicle. In 2019, he filed a petition for resentencing under

1

Penal Code section 1170.95 seeking to vacate his murder conviction. The trial court dismissed the petition, and McGlown appealed.

On McGlown's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring she found no arguably meritorious issues and asking us to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. We offered McGlown the opportunity to file a personal supplemental brief raising issues for our review, but he declined to do so. (See *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)

Independent review of the record under *Wende* is required only when a defendant has a constitutional right to counsel, which extends only to the first appeal of right. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537, 544.) Because McGlown appeals from a collateral postconviction order, we are not required to follow the procedures set forth in *Wende*. And where, as here, neither counsel nor the appellant can identify any issues with the trial court's decision, we decline to exercise our discretion to conduct an independent review of the record. (*People v. Kelly*, at p. 119.)

In any event, a full review of the record here would be pointless, as even a cursory look reveals that McGlown is not entitled to relief. Penal Code section 1170.95 applies to those convicted of murder who were not the actual killer (that is, they were convicted under some theory of accomplice liability). Here, McGlown admitted he killed the victim and admitted the special circumstance allegation that he intentionally killed her while

lying in wait. Though he and his friend were initially at the victim's apartment together, his friend left while the victim was still alive. There were no alleged co-principals, nor did the charges involve the felony-murder rule or natural and probable consequences doctrine. In other words, McGlown does not "fall[] within the provisions" of Penal Code section 1170.95. (Pen. Code, § 1170.95, subd. (c).)

We therefore dismiss the appeal as abandoned. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.)

## DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH_____

J.

We concur:


CODRINGTON_____
       Acting P. J.


FIELDS_____
      J.

3